UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------------------------

A.R.I. AGENT, LLC, a Delaware limited liability company, and
LIGHTS OUT ENTERPRISES, INC., a Delaware corporation,

      Plaintiffs,

               -against-

SHAWNE MERRIMAN, individually, and as Trustee of Trust M250124, and LIGHTS OUT HOLDINGS LLC, a California limited liability company,

      Defendants,

LIGHTS OUT HOLDINGS LLC, a Wyoming limited liability company,

      Nominal Defendant.

------------------------------------------------------------------------------------------------

**ORDER**

## [PROPOSED] ORDER GRANTING MOTION FOR EMERGENCY *EX PARTE* TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR <u>PRELIMINARY INJUNCTION</u>

This matter is before the Court upon Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction ("Motion for TRO"), including Plaintiffs' Memorandum of Law in Support of its Motion for TRO, as well as the Declaration of Zack Ellison, A.R.I. Agent, LLC's sole member and the Chairman, President, CEO and sole Board Member of Lights Out Enterprises Inc., filed under Federal Rules of Civil Procedure 65(b), by Plaintiffs A.R.I. Agent, LLC and Lights Out Enterprises, Inc. ("Lights Out Enterprises") and against Defendant's Shawne Merriman, M250124, and Lights Out Holdings LLC ("Defendant's").

Plaintiffs ask the Court to enter a Temporary Restraining Order ("TRO") and an Order to Show Cause for a Preliminary Injunction ("Order to Show Cause"). The TRO will issue.

**<u>PRELIMINARY INJUNCTION</u>**

An in-person hearing is set before this Court in the United States Courthouse located at Room _____, 40 Foley Square, New York, NY 10005 on the ___ day of _____, 2026 at ___ a.m./p.m., at which time the Defendant shall show cause why the Court should not enter an order:

1. Enjoining Defendant's, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or in participation with the Defendant's having notice of this Order from representing that Shawne Merriman controls, owns, manages, speaks for, or has authority to act on behalf of Lights Out Enterprises;

2. Enjoining Defendant's, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or in participation with the Defendant's having notice of this Order from issuing or causing any public or private communication in the name of, or on behalf of, Lights Out Enterprises;

3. Enjoining Defendant's, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or in participation with the Defendant's having notice of this Order from representing that Lights Out Enterprises is a plaintiff in, or has authorized, the Nevada Action;

4. Enjoining Defendant's, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or in participation with the Defendant's having notice of this Order from making or causing any false or misleading public or private statement that Merriman controls, manages, speaks for, or has authority to act on behalf of Lights Out Enterprises;

5. Enjoining Defendant's, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or in participation with the Defendant's having notice of this Order from interfering with Lights Out Enterprises' employees, vendors, sponsors, customers, suppliers, broadcasters, athletes, contractors, investors, or other business relationships;

6. Enjoining Defendant's, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or in participation with the Defendant's having notice of this Order from using, selling, licensing, transferring, encumbering, or otherwise exploiting the Intellectual Property and the IP Proceeds without Plaintiffs' written consent or further order of the Court;

7. Requiring Defendant's, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or in participation with the Defendant's having notice of this Order to deposit into escrow any proceeds they have received, or later

2

receive, from the use or exploitation of the Intellectual Property and the IP Proceeds, pending further order of the Court;

8. Requiring Defendant's, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or in participation with the Defendant's having notice of this Order to preserve all documents and records relating to Lights Out Enterprises, Plaintiffs, the Nevada Action, the Collateral – including the Intellectual Property and any IP Proceeds;

9. Requiring Defendant's, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or in participation with the Defendant's having notice of this Order to provide an accounting of all profits derived from the Collateral – including the IP Proceeds;

10. Requiring Defendant's, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or in participation with the Defendant's having notice of this Order to establish a constructive trust over any IP Proceeds received during the pendency of this action, pending further order of the Court.

Plaintiff is directed to serve the relevant papers on Defendant by May __, 2026 and to file proof of service on the docket by May __, 2026. Briefing on the preliminary injunction shall be as follows:

1. Any response or opposition to Plaintiff's motion for preliminary injunction must be filed and served on Plaintiff by February 4, 2025.

2. Plaintiff shall file any reply to any response on or before February 7, 2025.

3. The above dates may be revised upon stipulation by all parties and approval of this Court.

Defendant shall preserve all computer files and data, however stored, relating to the use of Plaintiffs' Intellectual Property and shall take all steps necessary to retrieve any files and data that may been deleted prior to the entry of this Order.

Defendant is hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to Federal Rule of Civil Procedure 65(b), and this Court's inherent authority.

3

**DONE AND ORDERED** in New York, New York, this __th day of May, 2026.

_____
HONORABLE _____
United States District Judge