UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                        :

A.R.I. AGENT, LLC, et al.,              :

                        :

             Plaintiffs,      :         26-CV-03778 (JAV)

                        :

      -v-                  :          TEMPORARY

                        :      RESTRAINING ORDER

SHAWNE MERRIMAN, et al.,      :

                        :

            Defendants.     :

                        :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

WHEREAS, having considered Plaintiffs A.R.I. Agent, LLC, and Lights Out
Enterprises, Inc.'s (collectively, "Plaintiffs") Motion for a Temporary Restraining
Order ("TRO") and Preliminary Injunction pursuant to Federal Rule of Civil
Procedure 65, ECF No. 5 (the "Motion"); having held a hearing on the Motion on
May 27, 2026 (the "Hearing"), whereby counsel for Plaintiffs and Defendant Shawne
Merriman ("Merriman") appeared and presented arguments; having considered the
record;

WHEREAS, Plaintiffs seeking a TRO must show that "(1) they are likely to
succeed on the merits; (2) they are likely to suffer irreparable harm in the absence
of preliminary relief; (3) the balance of equities tips in their favor; and (4) an
injunction is in the public interest." *New York v. U.S. Dep't of Educ.*, 477 F. Supp.
3d 279, 293 (S.D.N.Y. 2020). "A showing of irreparable harm is the single most
important prerequisite" to the grant of injunctive relief. *Faiveley Transp. Malmo
AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quotation marks omitted);

WHEREAS, the Court finds that Plaintiffs have sufficiently established that they are likely to suffer irreparable harm to goodwill, reputation and business relationships in the absence of preliminary relief;

WHEREAS, the Court finds that Plaintiffs have otherwise satisfied the requirements for obtaining injunctive relief under Rule 65, for the reasons stated on the record at the Hearing;

It is hereby **ORDERED** that Plaintiffs' Motion for a Temporary Restraining Order is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. That Merriman, and all persons in active concert or participation with him who receive actual notice of this Order, are temporarily restrained and enjoined from:

    a. representing, directly or indirectly and in any form or medium, that Merriman is presently a manager, director, officer, agent, or person with control over or authority to act for Lights Out Enterprises, Inc. and/or any of its subsidiaries;

    b. advertising, promoting, selling, licensing, transferring, or encumbering any goods or services bearing the "Lights Out" intellectual property, trademarks, service marks, trade names, or associated goodwill; otherwise commercially exploiting or monetizing the "Lights Out" intellectual property; or receiving any consideration derived therefrom;

c.   provided, however, that nothing in subpart (b) shall prohibit Merriman from using or referring to "Lights Out" as his personal nickname in public media appearances, interviews, biographical references, and other personal uses of his identity, so long as such use is not for the purpose of selling, licensing, or promoting any goods or services bearing the "Lights Out" intellectual property.

2.   **IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(c), that Plaintiffs shall place security in the amount of $20,000 with the Court within three (3) business days of entry of this Order, conditioned for the payment of any costs and damages incurred by Merriman if it is later found that he was wrongfully restrained. Any contractual waiver of the Rule 65(c) bond requirement is reserved for later determination.

3.   **IT IS FURTHER ORDERED** that this Order shall take effect immediately upon entry and shall expire fourteen (14) days after entry, unless extended by the Court for good cause shown or by consent of the parties pursuant to Federal Rule of Civil Procedure 65(b)(2), or unless superseded by a ruling on Plaintiffs' motion for a preliminary injunction.

4.   **IT IS FURTHER ORDERED** that the parties may seek modification or dissolution of this Order at any time on changed circumstances.

SO ORDERED.

Dated:  June 1, 2026
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

3