

*1301 Avenue of the Americas*
*New York, NY 10019*

*212.812.0400 main*
*212.812.0399 fax*

Amanda S Coleman
212.812.0332 direct
acoleman@foleyhoag.com

June 2, 2026

Hon. Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

       Re:    *A.R.I. Agent, LLC, et al., v. Shawne Merriman, et al.*, 26-cv-03778-JAV

Dear Judge Vargas:

I represent Defendant Shawne Merriman ("Defendant" or "Mr. Merriman") in the above-referenced action. Pursuant to the Court's Minute Entry entered May 28, 2026, I write to respond to Plaintiffs A.R.I. Agent, LLC and Lights Out Enterprises, Inc.'s ("Plaintiffs") Letter Motion Seeking Leave to Conduct Discovery in Aid of the Preliminary Injunction Hearing dated May 29, 2026 ("Plaintiffs' Letter Motion").

Defendant agrees with much of what Plaintiffs propose, including their proposed discovery devices, schedule, and entry of the Court's Model Protective Order, but writes separately to (i) request a reasonable limitation on the scope of Plaintiffs' fourth proposed topic, (ii) identify an additional discovery topic that is equally central to the issues that will be contested at the preliminary injunction hearing, and (iii) identify the depositions Defendant intends to take within the reciprocal scope of discovery devices.

## A. Defendant's Position on Plaintiffs' Proposed Discovery Topics.

Defendant agrees that the parties should be permitted to take expedited discovery on Plaintiffs' first three proposed topics as framed in Plaintiffs' Letter Motion.

Defendant respectfully requests, however, that the Court limit the scope of Plaintiffs' fourth proposed topic — Mr. Merriman's financial condition and risk of dissipation. As described, the topic seeks documents sufficient to show Mr. Merriman's current assets, liabilities, outstanding judgments, and any communications referencing potential bankruptcy or transfers of assets. That formulation sweeps in highly sensitive personal financial information that has no meaningful connection to the preliminary injunction inquiry and would impose disproportionate burden on an expedited schedule.

Defendant therefore proposes that Topic 4 be limited to: documents sufficient to identify the disposition, since January 2, 2026, of any proceeds Mr. Merriman has received

Hon. Jeannette A. Vargas
June 2, 2026
Page 2

that are tied to use of the "Lights Out" Intellectual Property — i.e., the identifiable proceeds Plaintiffs claim are at risk of dissipation.  This formulation captures the dissipation evidence Plaintiffs say they need without converting the preliminary injunction hearing into a wholesale audit of Mr. Merriman's personal finances.

### B.  Defendant's Additional Proposed Discovery Topic.

Defendant proposes to take discovery on the following topic:

**A.R.I.'s exercise of remedies.** As the secured party asserting governance rights over Lights Out Enterprises, Inc., A.R.I.'s own conduct in exercising those remedies is squarely at issue.  Thus, Defendant seeks documents and communications, from a reasonable pre-takeover period through the present, concerning: (i) A.R.I.'s decision to unilaterally halt efforts by Mr. Merriman (in collaboration with media and entertainment investment bank CEA Group) to refinance A.R.I.'s loan and immediately infuse $3-$4M into the company (ii) Plaintiffs' internal discussions about exercising governance rights with respect to Lights Out Enterprises, Inc.; (iii) communications discussing Article 9 of the Uniform Commercial Code as applied to the "Lights Out" collateral; (iv) discussions regarding the commercial reasonableness of A.R.I.'s actions; (v) discussions regarding alternatives to the takeover; (vi) communications discussing the timing of the takeover; (vii) communications regarding the removal of Mr. Merriman; (viii) communications regarding board control of Lights Out Enterprises, Inc.; and (ix) internal memoranda regarding A.R.I.'s governance strategy; and (x) all valuations of Lights Out Enterprises and the "Lights Out" Intellectual Property, including internal valuation analyses and communications concerning the trademark and enterprise value of the brand.  These materials bear directly on Plaintiffs' likelihood of success on the merits.

### C.  Proposed Discovery Devices.

Defendant agrees with Plaintiffs' proposed discovery devices (approximately twenty (20) document production requests, and approximately ten (10) interrogatories) and accepts Plaintiffs' proposal that the same scope of discovery be available to both parties on a reciprocal basis.

In addition, Defendant proposes a deposition of Zack Ellison, the current Chairman, President, and Chief Executive Officer  of Lights Out Enterprises Inc., limited to six (6) hours of testimony.  Mr. Ellison's knowledge of Plaintiffs' exercise of remedies, including the matters identified in Section B above, makes his testimony important to the preliminary injunction record.  Defendant also proposes up to two additional depositions of custodians or third-party witnesses identified during expedited discovery, limited to four (4) hours each, and subject to meet-and-confer with Plaintiffs' counsel.

Defendant reserves the right, upon review of productions and responses, to seek leave to serve targeted third-party subpoenas to non-parties identified as custodians of relevant documents.

Hon. Jeannette A. Vargas
June 2, 2026
Page 3

Respectfully Submitted,

/s/ *Amanda S. Coleman*
Amanda S. Coleman

cc:    Counsel of Record (via ECF)