**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| A.R.I. AGENT, LLC, et al.,<br>Plaintiffs,<br>-v-<br>SHAWNE MERRIMAN, et al.,<br>Defendants. | 26-CV-03778 (JAV)<br>CONSENT PRELIMINARY INJUNCTION ORDER |

JEANNETTE A. VARGAS, United States District Judge:

On June 1, 2026, this Court entered a Temporary Restraining Order ("TRO"), finding that Plaintiffs had sufficiently established that they are likely to suffer irreparable harm to goodwill, reputation and business relationships in the absence of preliminary relief and that Plaintiffs had otherwise satisfied the requirements for obtaining injunctive relief under Rule 65. ECF No. 35. On June 4, 2026, Plaintiffs posted a cash bond of $20,000 as required by the TRO (the "Bond"). On June 16, 2026, the Court, at the parties' request, extended the TRO to such time as when the Court ruled on Plaintiffs' motion for preliminary injunction. ECF No. 41. On July 23, 2026, the parties jointly requested the Court to enter a preliminary injunction to resolve Plaintiffs' motion for a preliminary injunction. ECF No. 58 (the "Motion").

WHEREAS, the Court finds that Defendants have consented to the entry of a preliminary injunction;

Accordingly, it is hereby **ORDERED** that the Motion is **GRANTED**; and Defendants having consented to the entry of a preliminary injunction, it is hereby further **ORDERED** as follows:

1. That Defendants Shawne Merriman and Lights Out Holdings, LLC (California), and all persons in active concert or participation with them, are enjoined from:

   a. representing, directly or indirectly and in any form or medium, that Merriman is presently a manager, director, officer, agent, or person with control over or authority to act for Lights Out Enterprises, Inc. and/or any of its subsidiaries;

   b. advertising, promoting, selling, licensing, transferring, or encumbering any goods or services bearing the "Lights Out" intellectual property, trademarks, service marks, trade names, or associated goodwill; otherwise commercially exploiting or monetizing the "Lights Out" intellectual property; or receiving any consideration derived therefrom;

   c. provided, however, that nothing in subpart (b) shall prohibit Merriman from using or referring to "Lights Out" as his personal nickname in public media appearances, interviews, biographical references, and other personal uses of his identity, so long as such use is not for the purpose of selling, licensing, or promoting any goods or services bearing the "Lights Out" intellectual property.

2. **IT IS FURTHER ORDERED** that this Order shall take effect immediately and remain in effect until further Order of the Court.

3. **IT IS FURTHER ORDERED** that the Bond will remain in the registry of the Court until further Order of the Court, conditioned for the payment of any costs and damages incurred by any party found to have been wrongfully enjoined. Any contractual waiver of the Rule 65(c) bond requirement is reserved for later determination.

4. **IT IS FURTHER ORDERED** that the parties may seek modification or dissolution of this Order at any time on changed circumstances.

5. **IT IS FURTHER ORDERED** that nothing in this Order shall constitute or be construed as an admission of liability or wrongdoing by Defendants, or as a concession that Plaintiffs have satisfied any requirement for preliminary injunctive relief, or as a waiver of any defense, claim, counterclaim, or right, all of which are expressly preserved.

The hearing on Plaintiffs' motion for a preliminary injunction previously scheduled for July 29, 2026, is cancelled.

SO ORDERED.

Dated: July 23, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge